**OCELOT OIL CORPORATION and Oil Resources, Inc., Plaintiffs,**

v.

**BROWN INVESTMENTS, INC., Larry Brown, and Bonnie Brown, Defendants.**

**Civ. A. No. 83–1568–T.**

United States District Court, D. Kansas.

March 6, 1989.

**OPINION AND ORDER**

THEIS, District Judge.

Following remand of this action from the Tenth Circuit, *see* 847 F.2d 1458 (1988), this court held a status conference. The parties discussed the possibilities of settlement. Plaintiffs' local counsel stated his intent to confer with plaintiffs' out-of-state counsel regarding settlement. The court has received no further word from the parties since the October 1988 status conference. The court therefore has concluded that the parties have not been successful in resolving this dispute.

The facts of this case are set out in the Tenth Circuit's opinion and will not be repeated here. *See* 847 F.2d at 1459–61. The Tenth Circuit reversed this court for applying the wrong standards in reviewing an order of the magistrate. In his order, the magistrate struck plaintiffs' pleadings as a discovery sanction. This court then reviewed the magistrate's ruling under the "clearly erroneous or contrary to law" standard of review, rather than the *de novo* standard which applies to dispositive rulings.

Under the *de novo* standard of review which the court must now apply, the court has determined that it must set aside the magistrate's order. The Tenth Circuit made it quite clear in its opinion in this case that a dismissal with prejudice is a drastic sanction which is inappropriate in most instances. *See* 847 F.2d at 1464–65. Based on this court's consideration of the facts of the case, the court concludes that dismissal with prejudice is not an appropriate sanction at this time. The magistrate's order which struck plaintiffs' pleadings must therefore be set aside.

The court is now ready to take the actions discussed during the status conference. Plaintiffs' continued refusal to produce J. Verne Lyons (the chief executive officer of plaintiffs' parent company) for deposition was the last of a series of discovery problems which finally triggered the magistrate's sanction order. The court has determined that the best course is to proceed immediately with this discovery. Plaintiffs shall produce J. Verne Lyons for deposition within thirty (30) days from the date of this order. Plaintiffs' failure to produce Mr. Lyons shall subject them to sanctions of contempt and dismissal with prejudice. Since it was the plaintiffs' unwillingness to produce Mr. Lyons which led to this discovery dispute, the court will tolerate no further delays on the plaintiffs' part.

IT IS BY THE COURT THEREFORE ORDERED that the portion of the magistrate's order of November 23, 1984 which struck plaintiffs' pleadings (Dk. No. 207) is hereby set aside.

IT IS FURTHER ORDERED that the plaintiffs shall produce J. Verne Lyons for deposition within thirty (30) days from the date of this order.